BRYAN, Judge,
concurring specially.
Although not necessary to the determination of the appeal filed by D.B. (“the paternal aunt”) and J.R.B. (“the paternal uncle”), I write specially to address the first argument raised in their brief on appeal, that the juvenile court unconstitutionally limited the paternal aunt’s right to direct the education of C.J.H. and S.H. (collectively referred to hereinafter as “the children”).[8]
The paternal aunt, citing Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923), argues that parents are afforded a fundamental right to educate their children in the way they see fit. The paternal aunt further argues, citing Pierce v. Society of Sisters of the Holy Names of Jesus and Mary, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), that the “doctrine of parental rights” applies to guardians and custodians.
In Meyer, the United States Supreme Court held that parents, pursuant to their liberty interest under the Fourteenth Amendment to the United States Constitution, have a right to control and direct the education of their children. 262 U.S. at 400-01. In Pierce, relying on its holding in Meyer, the United States Supreme Court held that a state statute that required “every parent, guardian, or other person having control or charge or custody of a child between 8 and 16 years to send him ‘to a public school....,’” 268 U.S. at 530, was unconstitutional because it “unreasonably interfere[d] with the liberty of parents and guardians to direct the upbringing and education of children under their control.” 268 U.S. at 534-35 (emphasis added). Based on the above-emphasized language, the paternal aunt argues that she, as the “custodial guardian” of the children, has the same fundamental substantive due-process right to control and direct the education of the children as the biological parents of the children. I disagree.
*123 At the outset of this dependency action, the paternal aunt was a nonparent with no legal rights to the children. Pursuant to the juvenile court’s statutory authority to make a dispositional order regarding custody of the children after they were adjudicated dependent, see § 12-15-314(a), Ala.Code 1975 (setting forth the disposi-tional orders a juvenile court may make after a child is adjudicated dependent), the juvenile court transferred legal custody of the children from the Calhoun County Department of Human Resources to the paternal aunt. In Alabama, juvenile proceedings are conducted pursuant to the Alabama Juvenile Justice Act (“the AJJA”), codified at § 12-15-101 et seq., Ala.Code 1975. The AJJA defines “legal custody” as
“[a] legal status created by order of the juvenile court which vests in a legal custodian[9] the right to have physical custody of a child under the jurisdiction of the juvenile court pursuant to this chapter and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, clothing, education, and medical care, all subject to the powers, rights, duties, and responsibilities of the legal guardian of the person of the child and subject to any residual parental rights and responsibilities. A parent, person, agency, or department granted legal custody shall exercise the rights and responsibilities personally, unless otherwise restricted by the juvenile court.”
§ 12-15-102(16), Ala.Code 1975 (emphasis added).
Thus, the AJJA explicitly states that the rights and responsibilities of a legal custodian may be restricted by the juvenile court. Regarding the children, the only rights the paternal aunt obtained were given to her pursuant to the juvenile court’s statutory authority to make a dispositional order after a finding of dependency; in doing so, the juvenile court limited the paternal aunt’s right to provide education to the children by limiting the paternal aunt’s choice of education for the children in a manner that would, as stated by the juvenile court in its judgment, “provide the child[ren] with as much normalcy as possible, due to the turmoil the child[ren] ha[ve] endured.”
The paternal aunt, in her brief on appeal, has not addressed the fact that the juvenile court had authority to confer restricted rights to her as a legal custodian, and she has not otherwise challenged the constitutionality of any part of the AJJA. In short, the paternal aunt has presented this court with no authority that would support her argument that she, as a legal custodian with limited rights conferred by the juvenile court, has the same inherent, fundamental constitutional right as a biological parent to direct the education of the children. Therefore, based on the argument presented by the paternal aunt, I conclude that that part of the juvenile court’s judgment that temporarily limited the paternal aunt’s choice of education for the children did no,t violate the paternal aunt’s constitutional rights.

. See note 1 and note 3 in the main opinion.

. The AJJA defines "legal custodian” in § 12-15-102(15), Ala.Code 1975, as
“[a] parent, person, agency, or department to whom legal custody of a child under the jurisdiction of the juvenile court pursuant to this chapter has been awarded by order of the juvenile court or other court of competent jurisdiction.”